UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                  Case No. 2:02-cr-30-FTM-29DNF

WISLY JEUDY

_____

**OPINION AND ORDER**

This matter is before the Court on defendant Wisly Jeudy's *pro se* Motion for Reduction of Imprisonment Under 18 U.S.C. § 3582(c)(2) (Doc. #52), filed on March 10, 2008.  Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The relevant Sentencing Guidelines policy statement is § 1B1.10, as amended by Amendment 713 and effective March

3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Defendant Jeudy satisfies all these requirements.

Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).  In this case, defendant Jeudy's motion must be denied because the retroactive amendment does not allow the Court to impose a sentence below the statutory mandatory minimum, which was the sentence originally imposed.

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

At the original sentence, the Court determined that defendant's Base Offense Level was 32, his Total Offense Level was 29, his Criminal History Category was III, and the Sentencing Guidelines range was 120[2] to 135 months imprisonment.  Defendant was sentenced to 120 months imprisonment.  The application of Amendment 706 results in a Base Offense Level of 30, a Total Offense Level of 27, a Criminal History Category of III, and a Sentencing Guidelines range of 120 months imprisonment, the mandatory minimum.  U.S.S.G. § 5G1.1(c)(2).

The Sentencing Guidelines do not allow a sentence below the statutory mandatory minimum, U.S.S.G. § 5G1.1(c)(2), and this was not changed by Amendment 706.  Additionally, under the amendment the Court may not as a general rule reduce defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range determined under U.S.S.G. § 1B1.10(a)(1).   See U.S.S.G. § 1B1.10(b)(2)(A).  An exception to this rule exists where the original term of imprisonment was less than provided by the guideline range at the time of the sentencing.  In such a situation, a reduction comparably less than the amended guideline range may be appropriate. See U.S.S.G. § 1B1.10(b)(2)(B).  This exception is not applicable in this case because defendant's original sentence was the mandatory minimum 120 months.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Wisly Jeudy's *pro se* Motion for Reduction of Imprisonment Under

---

[2]There was a statutory mandatory minimum of 120 months.

3

18 U.S.C. § 3582(c)(2) (Doc. #52) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of March, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA (Molloy)
Wisly Jeudy
U.S. Probation
U.S. Marshal
DCCD